UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WINBURN,

       Petitioner,

                              Case No. 2:20-CV-11808

v.                           HON. GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

NOAH NAGY,

       Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE
PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Robert Winburn, ("Petitioner"), presently incarcerated at the Cotton

Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of

habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[1]  In his *pro se*

application, petitioner challenges his pending prosecution in the

Washtenaw County Circuit Court for armed robbery, first-degree home

invasion, and conspiracy to commit first-degree home invasion.  For the

_____

[1]Because petitioner's application for a writ of habeas corpus was filed before he was convicted
of any crimes, the more appropriate vehicle for petitioner to seek habeas relief is under the
traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. *See Klein v.
Leis,* 548 F.3d 425, 430, n. 4 (6th Cir. 2008).

reasons stated below, the petition for a writ of habeas corpus is

**DISMISSED WITHOUT PREJUDICE.**

## I.  Background

The Court recites verbatim the facts from petitioner's prior pre-trial

habeas petition:

> Petitioner is awaiting trial in Washtenaw County Circuit Court for charges of first-degree home invasion, armed robbery, and conspiracy to commit first-degree home invasion. His first trial for these charges ended in a mistrial. Petitioner seeks habeas relief on the ground that the Double Jeopardy Clause prohibits his retrial. Petitioner is presently in the custody of the Michigan Department of Corrections for convictions unrelated to the pending charges. He is serving a 25 to 50 years sentence for second-degree murder, a 15 to 30 years sentence for assault with intent to commit murder, and a 2-year sentence for possession of a firearm during the commission of a felony.

*Libby v. Lindsey*, No. 18-13842, 2019 WL 5552347, at *1 (E.D. Mich.

Oct. 28, 2019), *certificate of appealability denied sub nom. Winburn v.*

*Nagy*, 956 F.3d 909 (6th Cir. 2020).

Petitioner once again seeks habeas relief from his pending criminal

charges in Washtenaw County Circuit Court.

## II.  Discussion

The instant petition must be dismissed, because petitioner has yet to

be convicted of any criminal charges in this case.  In the absence of

"special circumstances," federal habeas corpus relief is not available to

review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his direct appeals. *Allen v. Attorney General of the State of Maine*, 80 F.3d 569, 572 (1st Cir. 1996); *see also Hoard v. State of Michigan*, No. 05-CV-73136, 2005 WL 2291000, *1 (E.D. Mich. Sept. 19, 2005).  Although federal courts have jurisdiction to hear pre-trial habeas corpus petitions, a federal court should generally abstain from exercising this jurisdiction to consider a pre-trial habeas petition if the issues raised in the petition are capable of being resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 545-546 (6th Cir. 1981).  Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994).  The practical effect

- 3 -

of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id.*

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner.  One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy Clause of the federal constitution. *See Klein v. Leis,* 548 F.3d 425, 430, n. 2 (6th Cir. 2008); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981).

Another exception to this rule would involve a pre-trial habeas petition in which a state prisoner asserted his speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins v. People of the State of Michigan*, 644 F.2d at 547.  Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally nonattainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, although state court remedies would still have to be exhausted. *Id.*

Petitioner does allege in his current petition that his Speedy Trial rights are being violated.  Petitioner also claims that it would be a violation of the Double Jeopardy Clause to retry him following the mistrial.  Petitioner is not entitled to habeas relief for several reasons.

- 4 -

First, to the extent that petitioner seeks dismissal of his pending criminal charges on speedy trial grounds, he would not be entitled to habeas relief.  Speedy trial considerations can be a basis for federal pre-trial habeas relief, but only where the petitioner is seeking to force the state to bring him to trial; they are not a basis for dismissing a pending state criminal charge outright. *Atkins,* 644 F.2d at 547; *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986-987 (E.D. Wis. 1999).  To the extent that petitioner is seeking to dismiss this pending state criminal case outright based on an alleged violation of his right to a speedy trial, he would not be entitled to habeas relief because this is something which the Court does not have the power to do. *Hirsch,* 66 F. Supp. 2d at 987.  When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him on speedy trial grounds, his habeas action must await the conclusion of state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court,* 218 F.3d 11, 18, n. 5 (1st Cir. 2000)(internal citations omitted).

Secondly, to the extent that petitioner is seeking to compel the state court to bring him to trial, petitioner does not allege that he has exhausted his state court remedies with respect to any pending criminal charges.  A habeas petitioner has the burden of proving that he has exhausted his state

court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).  Any

pre-trial habeas petition is premature because petitioner has failed to allege

that he has exhausted his state court remedies with respect to any pending

criminal charges.  The habeas corpus statute for pre-trial situations

requires the exhaustion of state court remedies. *See Dickerson v. State of

La.,* 816 F.2d 220, 225 (5th Cir. 1987); *see also Dillon v. Hutchinson,* 82 F.

App'x 459, 461-62 (6th Cir. 2003)(pre-trial habeas petitioner not entitled to

habeas relief when he failed to exhaust his Interstate Detainer Act (IAD)

claim with the state courts); *Schofs v. Warden, FCI, Lexington*, 509 F.

Supp. 78, 82 (E.D. Ky. 1981)(where a habeas petitioner has not properly

exhausted his state judicial remedies with respect to his motion to dismiss

state charges underlying a detainer against him, the district court would

refrain from considering the merits of petitioner's claims concerning those

charges).  Petitioner would not be entitled to a writ of habeas corpus with

respect to any pending criminal charges because he has not exhausted his

state court remedies with respect to any such pre-trial habeas petition.

*Dickerson,* 816 F.2d at 228.  Because there is no indication that petitioner

raised his speedy trial claims with the Michigan appellate courts, his claims

are unexhausted. *Compare Atkins*, 644 F.2d at 548.

Petitioner has also failed to allege that he exhausted any state court remedies with respect to his Double Jeopardy claim. Petitioner is also not entitled to habeas relief on his Double Jeopardy claim because he is first required to exhaust his state court remedies with respect to that claim. *Delk,* 665 F.2d at 93.  To exhaust his Double Jeopardy claim, petitioner may file a pretrial motion to dismiss the pending charges on Double Jeopardy grounds.  If the motion is denied, he may file an interlocutory appeal with the Michigan appellate courts. *Libby v. Lindsey*, 2019 WL 5552347, at *2 (citing *People v. Reid*, 317 N.W.2d 589, 592 (Mich. Ct. App. 1982)).

Accordingly, the Court denies the habeas petition without requiring respondent to answer, because it appears from the application that petitioner is not entitled to habeas relief. *See Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999)(citing to 28 U.S.C. § 2243).

### III. Conclusion

The Court will dismiss the petition for a writ of habeas corpus without prejudice.  The Court will also deny a certificate of appealability to petitioner.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether petitioner's habeas corpus petition was brought under § 2254 or

brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of his habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001)(a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998)(pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th 1997).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should receive encouragement to proceed further. *See Myers v. Straub,*

159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).  In particular, jurists of reason would not find debatable this Court's determination that petitioner had failed to exhaust his state court remedies before filing his pre-trial habeas petition. *See Fuller v. Kansas,* 324 F App'x 713, 717 (10th Cir. 2009).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ

of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is

**DENIED.**

IT IS FURTHER ORDERED that petitioner will be granted leave to

appeal *in forma pauperis.*

Dated:  July 13, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 13, 2020, by electronic and/or ordinary mail and also on
Robert Winburn #222196, G. Robert Cotton Correctional
Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/Brianna Sauve
Deputy Clerk

---