UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WINBURN,

    Petitioner,

                                  Case No. 2:20-CV-11808
v.                           HON. GEORGE CARAM STEEH

NOAH NAGY,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION
FOR RECONSIDERATION AND DENYING
<u>A CERTIFICATE OF APPEALABILITY</u>**

        On July 13, 2020, this Court summarily dismissed petitioner's pre-trial habeas petition brought pursuant to 28 U.S.C. § 2241(c)(3) and declined to issue a certificate of appealability or leave to appeal *in forma pauperis. See Winburn v. Nagy,* No. 2:20-CV-11808, 2020 WL 3961609 (E.D. Mich. July 13, 2020). Petitioner has filed a motion for reconsideration. For the reasons stated below, the motion for reconsideration is **DENIED**

        United States District Court Rules, E.D. Mich. 7.1 (g) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co.*

*v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

In the present case, petitioner has made a number of lengthy arguments in support of his motion for reconsideration. All of these arguments were considered by this Court, either expressly, or by reasonable implication, when the Court summarily denied the petition for a writ of habeas corpus and declined to issue a certificate of appealability.

Petitioner's motion for reconsideration will therefore be denied. Petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily denied the petition for a writ of habeas corpus and declined to issue a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

Petitioner alleges that the Court ignored his issues and instead addressed a Speedy Trial Claim and Double Jeopardy claim. The Court clearly stated that the petition was dismissed because petitioner had yet to

be convicted of any criminal charges. In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). The exceptions to this rule pertain to Speedy Trial or Double Jeopardy claims. There is no indication that petitioner raised speedy trial or double jeopardy claims with the Michigan appellate courts. Petitioner's motion for reconsideration is DENIED.

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 F. App'x 480, 486 (6th Cir. 2008). This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for reconsideration to be debatable.

## ORDER

Based upon the foregoing:

(1) the motion for reconsideration (ECF No. 6) is **DENIED.**

(2) Petitioner is **DENIED** a certificate of appealability.

**SO ORDERED.**

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 17, 2020, by electronic and/or ordinary mail and also on Robert Winburn #222196, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/Brianna Sauve
Deputy Clerk